**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

September 7, 2020

**By ECF**

Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2020

Re:    United States v. Damien Matthews, 20 Cr. 430 (MKV)

Honorable Judge Vyskocil:

On August 25, 2020, Damien Matthews was indicted in the above-captioned case. The unusual circumstances of the indictment—that the grand jury was sitting in White Plains as opposed to Manhattan while many residents of the Southern District of New York were practicing social distancing and limiting their public interactions and engagements due to the COVID-19 pandemic—may have compromised Mr. Matthews' right to a grand jury selected from a fair cross-section of the community. Accordingly, through this letter, Mr. Matthews respectfully requests access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

Section 1867(f) of Title 28 of the United States Code allows a defendant to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id.* Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail

United States v. Damien Matthews                                         September 7, 2020
Hon. Mary Kay Vyskocil                                                       Page 2 of 4

himself of [the] right of access to otherwise unpublic jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Mr. Matthews is not required to make any showing with respect to probabilities of success of such a motion. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F. 3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation).

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." *See* 28 U.S.C. § 1867(a). Although the Second Circuit Court of Appeals has not considered "what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury," some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808, at *2 (S.D.N.Y. Feb. 26, 2020) (citing cases from the Eleventh Circuit Court of Appeals, the Northern District of Florida, and the Western District of New York). In Mr. Matthews' case, although he was indicted on August 25, 2020, he was not informed of that indictment and appointed counsel until September 1, 2020. Accordingly, I ask the Court to grant this timely request for inspection of records, made within seven days of Mr. Matthews' presentment and my appointment as his counsel.

The records I seek will be largely duplicative of records produced by the Southern District Office of Jury Administration in response to a demand, similar to Mr. Matthews', filed in *United States v. Balde*, 20 Cr. 281 (KPF). In *Balde*, the Government acknowledged that similar records requests had been filed in a number of other cases indicted in the Southern District since the start of the COVID-19 pandemic that would necessitate production of the same set of records: "To the extent the Government is ordered to produce all or some of the records produced in this case in other cases, the Government can facilitate those productions without further burdening the Jury Administrator or requiring that she make multiple, duplicative productions." *Balde*, 20 Cr. 281 (KPF), ECF No. 29. I therefore request, and anticipate that the Government will be able to provide me with, a copy of the same Jury Administration records produced in the *Balde* case. I also participated in and reviewed the transcript of a June 30, 2020 telephone conference in the *Balde* case, during which Judge Failla posed questions to Linda Thomas, the Southern District Jury Administrator. Much of the information shared during that call will bear on Mr. Matthews' indictment as well.

However, it is my understanding that Mr. Matthews was indicted by a different

United States v. Damien Matthews  September 7, 2020
Hon. Mary Kay Vyskocil  Page 3 of 4

grand jury from the grand jury that indicted the defendant in *Balde*, a grand jury initially impaneled in January 2019 as opposed to November 2019. Accordingly, I request access to the following additional information from the Office of Jury Administration:

1. A description of any changes from the February 13, 2009 Amended Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Southern District of New York—other than Chief Judge McMahon's orders, 20 Misc. 168 and 20 Misc. 221—<u>since June 30, 2020</u>.

2. Any order of the Court <u>since June 30, 2020</u> that affects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

3. The jury division chosen for the grand jury in this case.

4. A description of whether there were any grand juries sitting in Manhattan when the indictment was returned in this case.

5. The date when grand jurors were summoned in this case.

6. The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

7. The juror number only (and not name or address) for persons selected as potential grand jurors in this case.

8. The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

9. The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

Once the jury records are obtained, I will be able to retain a statistician to analyze them and determine whether the Southern District's jury plan procedures violate the right of Mr. Matthews to a jury selected at random from a fair cross-section of the community. He will do so by comparing the grand jury records with appropriate contemporary census data. If the records, after meaningful review, reveal grounds for a challenge under § 1867(a), Mr. Matthews will raise one at that time.

Finally, I do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner I request. *See Saipov*, 2020 WL 915808 at *3 (granting similar request in full).

United States v. Damien Matthews  September 7, 2020
Hon. Mary Kay Vyskocil  Page 4 of 4

        Respectfully submitted,

        <u>/s/ Ariel Werner</u>
        Ariel Werner
        Assistant Federal Defender
        (212) 417-8770

CC:    Assistant U.S. Attorney Kaylan Lasky

---

With the consent of the Government, the Motion is GRANTED. The Government should facilitate the production of the materials requested herein to the Defendant. SO ORDERED.

Date: 9/14/2020
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge